YARRUT, Judge.
This is an appeal from the First City Court of New Orleans by the Defendant, against whom judgment was rendered in favor of Plaintiff for $560.25, for damage to his automobile, caused by the negligence of Defendant, under the following circumstances :
On the afternoon of July 7, 1966, in broad daylight, Plaintiff’s automobile, a 1964 “Karmann-Ghia” model, was being driven by Plaintiff’s stepson, a Princeton College student. The stepson stopped the car in his proper line of traffic on North Broad Street, New Orleans, awaiting the proper change of the traffic signal. Immediately behind Plaintiff’s car, then being driven by her stepson, was a Morrison Taxicab. Defendant, at the time, was driving a late model “Thunderbird” which crashed into the rear of the taxicab. The immediate impact caused the taxicab to crash into Plaintiff’s “Karmann-Ghia” car, resulting in damage estimated at $517.86 by one expert, and $560.25 by another expert.
There is no question of liability, which is stipulated. The only question is quantum. The testimony with respect to the damage was given by the manager of the body shop of Economy Motors, from whom Plaintiff’s “Karmann-Ghia” was purchased and where it was repaired. He testified the repairs would cost $517.86. He explained that a “Karmann-Ghia” car has a unitized body, that is, no parts bolted, but welded altogether and finished off; that when you hit the bumper of such a car, you can expect $150.00 as damage for the bumper alone; and if it receives a severe blow, considerable damage results. A representative of Durham Motors testified the cost of repairing the damage would be $560.25.
Since there is no question of liability, and only that of quantum, and since the Trial Judge accepted the amount of $560.25 as the proper cost of the repairs, we see no reason to change this amount. The judgment is affirmed; Defendant to pay all costs in both courts.
Judgment affirmed.